

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00286-CR

---

JUAN ISMAEL OLGUIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-2017F-075, Honorable Roland D. Saul, Presiding

---

January 17, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Juan Olguin, was convicted of criminal nonsupport following a plea of guilty that resulted in a five-year suspended sentence. The court subsequently revoked his community supervision and sentenced him to two years of imprisonment. The Bill of Costs entered below included a "time payment fee" in the amount of $25. It also included a provision for an additional $25 "time payment fee." By this appeal, appellant contends

the assessment of that fee at this time is improper and that no additional fee is permitted. The State concedes the point. We affirm the judgment as modified herein.

The Bill of Costs included in the record indicates a "time payment fee" of $25 was assessed against appellant. The form also indicates this fee has been paid. Further, the Bill of Costs contains a provision that an additional "time payment fee" of $25 may be assessed if any part of the fine, court costs, or restitution is paid on or after the 31st day after the date of the judgment assessing the fine, court costs, or restitution is entered. However, while a "time payment fee" of $25 and an additional "time payment fee" was previously permitted under section 133.103 of the Government Code, that is no longer true. Now, only a single $15 fee is permitted. *See* TEX. CODE CRIM. PROC. ANN. art. 102.030(a) (providing that one convicted of a felony or misdemeanor shall pay a reimbursement fee of $15 if any part of a fine, court costs, or restitution, or another reimbursement fee is paid on or after the 31st day after the date on which a judgment is entered).

Thus, assessment of a $25 fee at bar was error since it could not exceed $15. And, to the extent that statute permits assessment of a $15 fee, levying it prior to the disposition of appellant's appeal would be premature. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021) (holding that satisfaction of the time payment fee is suspended while an appeal pends). As a result, the judgment and bill of costs are modified to exclude assessment of the article 102.030 fee, at this time. The Bill of Costs

will also be modified to remove the language permitting an additional "time payment fee" of $25.[1]

As modified, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.

---

[1] Appellant asked that the $25 he already paid be applied to restitution or to such other relief we deem appropriate. Yet, he did not support his request with explanation or citation to authority illustrating that we can provide such relief. Thus, the matter was waived. *Expelled Grain Prods., LLC v. Corn Mill Enters., LLC*, No. 07-14-00398-CV, 2016 Tex. App. LEXIS 9002, at *24-25 (Tex. App.—Amarillo Aug. 17, 2016, pet. denied) (mem. op.) (stating that issues on appeal are waived when an appellant fails to support his contention by citation to appropriate authority or cites to a single non-controlling case). Appellant remains free to address the matter with the trial court if and when an article 102.030 fee is properly assessed.